```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ELVIS GOMEZ,                            :
                     Petitioner,        :    12 Civ. 4799 (DLC)
          -v-                           :    08 Cr. 429 (DLC)
                                        :
UNITED STATES OF AMERICA,               :    OPINION AND ORDER
                     Respondent.        :
                                        :
----------------------------------------X
```

APPEARANCES:

For Petitioner:
Elvis Gomez
# 90552-054
FCI Bennetsville
Federal Correctional Institution
P.O. Box 52020
Bennetsville, SC 29512
PRO SE

For the United States:
Rachel P. Kovner
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge

On June 18, 2012, Elvis Gomez ("Gomez" or "defendant") filed a timely petition for a writ of habeas corpus asserting ineffective assistance of counsel in connection with his entry of a plea of guilty to a charge that he conspired to distribute heroin. Gomez was sentenced on February 4, 2011, principally to a term of imprisonment of 216 months. His conviction was

1

affirmed on appeal on June 5, 2012, after appellate counsel filed an Anders brief.  For the following reasons, the petition is denied without a hearing.

In his petition, the defendant complains that his attorney misled him in connection with his execution of a plea agreement ("Agreement") with the Government.  According to the defendant, his attorney promised him that his maximum sentence would be ten years if he signed the Agreement.  The attorney never told the defendant that he would be facing a guidelines range of 262 to 327 months' imprisonment; indeed, his attorney never explained how the guidelines applied to the defendant, or that there would be adjustments to the guidelines' calculations based on his leadership role or use of a firearm.

The petition does not explain precisely what relief the defendant seeks.  It is assumed for purposes of this Opinion that the defendant seeks to vacate his conviction, to withdraw his plea of guilty, and to proceed to trial.  Because the record created through the Agreement, the proceeding at which the defendant entered his plea of guilty, and at his sentencing flatly contradict the defendant's petition, this petition may be denied without the need for an evidentiary hearing.

BACKGROUND

According to the Government, the defendant and his brothers supervised a massive heroin conspiracy in the Bronx that operated multiple heroin mills over the course of many years and packaged over a thousand kilograms for distribution. The defendant assisted the enterprise by supervising several of the mills, and during the period 2002 to 2003 he delivered drugs to mills and helped to process the heroin. In 2003, the defendant returned to the Dominican Republic.

The defendant was indicted in 2008 on two counts: (1) conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, and (2) possession of a firearm during and in relation to that drug trafficking crime. The first count carried a mandatory minimum term of imprisonment of ten years; the second carried a mandatory consecutive term of imprisonment of five years. The defendant was arrested in the Dominican Republic on March 16, 2010, and extradited on April 22, 2010.

<u>The Agreement</u>

On October 25, 2012, the parties executed the Agreement in which the defendant agreed to plead to a drug conspiracy charge carrying a mandatory minimum term of imprisonment of five years and a maximum sentence of 40 years ("(b)(1)(B)" charge) in

satisfaction of the Count One conspiracy charge, which carried a mandatory minimum term of imprisonment of ten years ("(b)(1)(A)" charge).  The defendant and Government stipulated to a guidelines range of 262 to 327 months' imprisonment, which reflected a two-level firearms adjustment and a two-level role adjustment.  They agreed that a sentence within the range would "constitute a reasonable sentence," but that either party could seek a non-guidelines sentence.

<u>The Plea</u>

On the same day that the defendant executed the Agreement, October 25, the defendant and his brother Sotero Gomez entered pleas of guilty before this Court.  The defendant was placed under oath and represented that he had had a sufficient opportunity to discuss with his attorney the charge to which he was pleading guilty, any defenses to that charge, and the consequences of the plea.  He stated that he was satisfied with the representation his attorney was giving him.  The Court advised the defendant of his right to proceed to trial, and all the rights set forth in Rule 11, and the defendant acknowledged that he understood those rights.

The Court then advised the defendant of the charge against him contained in Count One, including that he was charged with managing the production of thousands of packages of heroin,

possessing kilogram quantities of heroin and possessing guns to protect the heroin and narcotics proceeds, from 2002 until the summer of 2003.  The Court then explained in detail the statutory sentencing provisions that applied to the crime charged in Count One, including that while Count One contained a (b)(1)(A) charge, the Agreement provided that the Government would accept a plea to a (b)(1)(B) charge in satisfaction of the Indictment.  The Court also described the safety valve provision of the law, which would permit the Court to impose a sentence below the mandatory minimum term of imprisonment that would otherwise apply.  The defendant acknowledged that he had discussed this provision of the law with his attorney.  At this point, the following colloquy occurred:

> Q:  Now, do you understand that if your attorney or anyone else has attempted to predict to you what your sentence will be that their prediction could be wrong? . . .  Do you understand that, Mr. Elvis Gomez?
>
> A:  Yes.
>
> Q:  No one, not your attorney, not the government's attorney, no one can give you any assurance of what your sentence will be because I am going to decide your sentence but I am not going to do it now.  I am going to wait until I get a Pre-Sentence Report prepared by the Probation Department, do my own calculation of what your sentencing guidelines range is, decide whether I should depart up or down from that range, and look at all the other factors and facts before me, and only then will I decide what a reasonable sentence is for you. . . .  Do you understand that, Mr. Elvis Gomez?

>   A:  Yes.
>
>   Q:  Do you understand that even if your sentence is different from what your attorney or anyone else has told you it might be, even if it's different from what is calculated in a written agreement that you have with the government, you are still going to be bound by your plea of guilty and cannot withdraw your plea of guilty. . . .  Do you understand that, Mr. Elvis Gomez?
>
>   A:  Yes.

After this discussion, the Court reviewed the Agreement with the defendant.  The defendant told the Court that the Agreement had been translated to him, that he had discussed it with his attorney and that he thought that he understood the document when he signed it.  The Court reviewed several terms of the Agreement with the defendant, including the (b)(1)(B) penalties, and the parties' agreement that the guidelines range is 262 to 327 months.  The defendant acknowledged that he had given up his right to litigate his sentence so long as his sentence did not exceed 327 months in prison.

During his allocution, the defendant admitted selling heroin from 2002 to 2003 in the Bronx.  The Court accepted the plea as knowingly and voluntarily entered by the defendant.

The PSR

The Pre-Sentence Report ("PSR") advised the defendant that his guidelines range was 262 to 327 months' imprisonment.  It recommended a sentence of 262 months' imprisonment.

The Sentence

The two brothers were sentenced on February 4, 2011.  The Court confirmed that the defendant was not objecting to the PSR's calculation of a guidelines range of 262 to 327 months' imprisonment, which the Court explained included adjustments for his role in the offense and for his use of firearms, and which the Court also noted was identical to the range calculated in the Agreement.  The Court summarized the arguments in the defendant's written sentencing submissions, which included his rehabilitation, the prison conditions in the Dominican Republic where he was incarcerated prior to extradition, and his close connections with family members.

Defense counsel requested a five year sentence.  The defendant spoke and emphasized his religious conversion and family.

The Court imposed a non-guidelines sentence of principally 216 months' imprisonment.  The Court explained that the defendant had been fortunate in being outside the country when the conspiracy was brought to an end by the Government.  After noting that it had no reason to believe the defendant would have left the enterprise otherwise, the Court added that there was also no evidence of the defendant's continued involvement in drug activity since the time the Government arrested his co-

conspirators.  Thus, while "this is not a typical rehabilitation case, . . . it is nonetheless a rehabilitation case."  The defendant's brother was sentenced to 240 months' imprisonment.

DISCUSSION

The defendant contends that his attorney lied to him about the sentence that he faced.  According to Gomez, his attorney promised him that the maximum sentence that he faced was ten years, and never told him that his guidelines range was 262 to 327 months' imprisonment or how the guidelines would be applied to his case.  Indeed, his attorney represented that he had a "good chance" of receiving a sentence of only five years.  Finally, the attorney did not discuss with Gomez his option of proceeding to trial.

Before addressing the substance of these contentions, it is important to observe that in his Agreement, the defendant waived his right to collaterally attack a sentence that did not exceed 327 months' imprisonment.  Such an agreement is presumptively enforceable.  <u>United States v. Arevalo</u>, 628 F.3d 93, 98 (2d Cir. 2010); <u>Garcia-Santos v. United States</u>, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam).  The Second Circuit has explained the importance of enforcing such waivers:

> In no circumstances . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence

>     conforming to the agreement.  Such a remedy would
>     render the plea bargaining process and the resulting
>     agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 2003) (per curiam).

Nonetheless, a claim of ineffective assistance of counsel will survive a waiver if the claim relates to advice counsel gave with regard to entering the plea or the process by which the defendant agreed to plead guilty.  See Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008).  Thus, a waiver of the right to challenge a sentence will not be valid where "the waiver was not made knowingly, voluntarily, and competently." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).

In determining that a waiver of the right to file a Section 2255 petition was knowing and voluntary courts have considered factors such as: (1) whether the petitioner signed the plea agreement; (2) whether the petitioner stated during the plea colloquy that he had read and understood the plea agreement; (3) whether the petitioner, having been advised of the right to appeal, failed to take a direct appeal from the sentence; and (4) whether the petitioner failed to assert in his Section 2255 petition that he did not understand the plea agreement's waiver clause.  See Garcia-Santos, 273 F.3d at 508.  Each of these factors supports enforcement of the Agreement in this case.

Nor may Gomez escape the consequences of the waiver of his right to file this petition by framing his claim as an ineffective assistance of counsel claim.  Each of the assertions he makes against his attorney for either failing to give him certain advice, or misleading him about his sentencing exposure, is directly and fully contradicted by the record.

During his plea allocution, the defendant was fully advised of his right to proceed to trial, and acknowledged understanding that he had that right.  The Agreement which Gomez executed unambiguously states his stipulated guidelines range.  At his plea, the defendant acknowledged that the Agreement had been translated for him, that it provided for a sentencing guidelines range of 262 to 327 months, and that by executing the Agreement he had waived his right to challenge his sentence so long as it did not exceed 327 months' imprisonment.  Moreover, the Court advised the defendant during the allocution of his sentencing exposure, which included a maximum term of imprisonment of 40 years.  The defendant acknowledged that he understood this.  The Court informed the defendant that if his attorney or anyone else attempted to predict the defendant's sentence that such a prediction could be wrong, and that the Court would decide the sentence.  Gomez again acknowledged that he understood.  The

PSR, which was translated for the defendant, also described these same sentencing guidelines.

A defendant's factual assertions in his petition which are contradicted by his statements under oath to the Court may be disregarded. See Puglisis v. United States, 586 F.3d 209, 214 (2d Cir. 2009). Gomez has not shown, when the record of his plea allocution and sentencing proceeding are considered, that he is entitled to a hearing on his ineffective assistance of counsel claim or that his petition should be granted.

CONCLUSION

The July 18, 2012 petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Gomez has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         December 6, 2012

_____
DENISE COTE
United States District Judge

11