UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :        08cr429 (DLC)
                                        :
           -v-                          :        MEMORANDUM OPINION
                                        :           AND ORDER
ELVIS GOMEZ,                            :
                       Defendant.       :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

     This dispute arises out of the defendant's motion for a
reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), which the
Court granted on November 4, 2015.  On November 20, the
defendant moved for reconsideration of the November 4 Order.  In
his motion for reconsideration, the defendant asks that the
Court calculate the extent of his available sentencing reduction
using the same downward variance that it applied at the initial
sentencing.  For the reasons that follow, the motion for
reconsideration is denied.

                        **Background**

     On February 4, 2011, the defendant was sentenced
principally to a term of imprisonment of 216 months.  The
defendant pled guilty to conspiracy to distribute heroin.  The
original offense level was 39 and the defendant had a Criminal
History Category of I, giving him a Guidelines range of 262 to
327 months' imprisonment.  The Court varied downward from the

advisory Guidelines range by 46 months.  His current projected release date is November 19, 2025.

On November 4, 2015, the Court granted the defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.  His offense level was reduced to 37, and his sentence was reduced to 210 months' imprisonment, the bottom of the amended guideline range.

Section 1B1.10 of the United States Sentencing Guidelines Manual ("Guidelines") outlines the mandatory procedures that a district court must follow in adjudicating a motion for a reduced sentence.  Section 1B1.10 was amended on November 1, 2011.  Thus, when the defendant was sentenced on February 4, 2011, a different version of the § 1B1.10 policy statement was in force than in 2015 when he brought his motion under § 3582(c)(2).  Section 1B1.10(b)(2)(A) currently provides that a sentencing reduction under 18 U.S.C. § 3582(c)(2) is limited to the "minimum of the amended guideline range" after applying the relevant retroactive amendment.  The version of the Guidelines that applied at the defendant's sentence also contained this limitation.  As a general matter, therefore, a district court's discretion to reduce a defendant's sentence pursuant to § 3582(c)(2) is limited to the bottom of the amended guideline range.

When the defendant was sentenced, § 1B1.10(b)(2)(B) read in relevant part: "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate."  The policy was ambiguous about whether the "applicable" guideline range used for calculating the extent of an available sentencing reduction included a variance or departure applied at sentencing.  The Second Circuit interpreted the old version of § 1B1.10 to allow a district judge to re-apply a variance or departure when reducing a defendant's sentence pursuant to § 3582(c)(2).  United States v. Rivera, 662 F.3d 166, 177 (2d Cir. 2011) (discussing a circuit split on the issue of whether a variance or departure could be re-applied when reducing a sentence).  The Court of Appeals also acknowledged that then-pending November 1, 2011 amendments to the Guidelines would prohibit this interpretation and would overrule Circuit precedent on this issue.  Rivera, 662 F.3d at 183.

The current version of Guidelines § 1B1.10(b)(2)(B) reads: "If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to

3

authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." Thus, the current version of the policy statement limits a district court's ability to re-apply a departure to circumstances in which the government moved for that departure because of a defendant's substantial assistance. United States v. Erskine, 717 F.3d 131, 137 n.6 (2d Cir. 2013); Application Note 3, § 1B1.10(b)(2). See also Application Note 1(A), § 1B1.10(a) (explaining that the "applicable guideline range . . . is determined before consideration of any departure provision . . . or any variance").

On November 20, 2015, the defendant filed a pro se motion for reconsideration. In that motion he asked the Court to apply the same variance applied at sentencing to his reduction under § 3582(c)(2). He acknowledged that re-applying the variance is not permissible under the current version of § 1B1.10 and the precedent outlined above. He nonetheless makes two principal arguments favoring reconsideration: (1) retroactive application of the current version of § 1B1.10(b)(2) of the Guidelines violates the Ex Post Facto Clause of the United States Constitution; and (2) Section 1B1.10 violates the doctrine of separation of powers because it is mandatory, rather than advisory.

4

On December 7, the Court set a briefing schedule and appointed the Federal Defender in this district to represent the defendant in connection with his motion for reconsideration.  On March 21, 2016, defense counsel wrote a letter supporting the defendant's <u>ex post facto</u> argument and did not address his separation of powers argument.  The Government filed its opposition on March 26.

## Discussion

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (discussing a motion under Rule 59(e), Fed R. Civ. P.).  "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u>, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." <u>Analytical Surveys</u>, 684 F.3d at 52 (citation omitted).  The decision to grant or deny the motion

for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).  A post-judgment motion for reconsideration may be filed in criminal cases and is treated as a motion for reconsideration under the Federal Rules of Civil Procedure.  United States v. Clark, 984 F.2d 31, 33 (2d Cir. 1993).

The defendant's motion for reconsideration has not identified any intervening change in controlling law or new information that the Court overlooked in issuing its November 4, 2015 Order.  He has therefore not satisfied the exacting standard of a motion for reconsideration.  Considered on the merits, his arguments also do not warrant reconsideration of the November 4 Order and his sentencing reduction is limited to 210 months' imprisonment.

I.    **Ex Post Facto** Clause

Under the Ex Post Facto Clause, the "State may not increase the punishment for a crime after it is committed." Doe v. Cuomo, 755 F.3d 105, 110 (2d Cir. 2014).  An ex post facto violation has two elements: "First, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it." United States v. Kumar, 617 F.3d 612, 624-25 (2d Cir. 2010) (citation omitted).  "Central to the ex post

facto prohibition is a concern for the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated."  Id. at 628 (citation omitted).  "The touchstone of [the court's] inquiry is whether a given change in law presents a sufficient risk of increasing the measure of punishment attached to the covered crimes."  Peugh v. United States, 133 S. Ct. 2072, 2082 (2013) (citation omitted).  This is so because the primary purpose of the Clause is to "ensure[] that individuals have fair warning of applicable laws and guard[] against vindictive legislative action."  Id. at 2085.

There is no ex post facto violation here.  Following the current version of Guidelines § 1B1.10 in deciding a motion under 18 U.S.C. § 3582(c)(2) does not operate to increase a defendant's sentence retroactively.[1]  The Second Circuit has held that retroactively applying an amended version of Guidelines § 1B1.10 does not violate the Ex Post Facto Clause.  Berrios v. United States, 126 F.3d 430, 431-33 (2d Cir. 1997).  In Berrios, the defendant faced circumstances similar to those found here: an amendment to § 1B1.10(b) that went into effect after his sentencing and before he filed his motion for a reduced sentence

---

[1] Applying § 1B1.10 and the amended guideline range in adjudicating a § 3582(c)(2) motion is mandatory, while the Guidelines are advisory when applied at the initial sentencing. United States v. Steele, 714 F.3d 751, 754 (2d Cir. 2013).

prevented him from benefiting from certain amendments that would have been available to him before the change in § 1B1.10(b). The court found that this was not an _ex post facto_ violation because "[t]he amendment to § 1B1.10(b) 'disadvantages' only those prisoners who seek a benefit under § 1B1.10 and who therefore cannot face a harsher punishment." _Berrios_, 126 F.3d at 433.  Circuits that have considered this issue in light of the more recent 2011 and 2014 amendments to the _Guidelines_ have similarly found that applying a new, narrower version of § 1B1.10 retroactively is constitutional.  _E.g._, _United States v. Kurtz_, ---F.3d---, 2016 WL 1212066, at *5 (10th Cir. Mar. 29, 2016); _United States v. Waters_, 771 F.3d 679, 681 (9th Cir. 2014); _United States v. Diggs_, 768 F.3d 643 (7th Cir. 2014); _United States v. Colon_, 707 F.3d 1255, 1258-59 (11th Cir. 2013).

The defendant's arguments to the contrary are unavailing. He contends that the cases cited above failed to consider the Supreme Court's decision in _Weaver v. Graham_, 450 U.S. 24 (1981), which sustained a challenge to retroactive application of a more restrictive formula for early release credits under the _Ex Post Facto_ Clause.  The Court found that retroactively decreasing an inmate's ability to receive good time credit "disadvantaged" the inmate because he had a "reduced opportunity to shorten his time in prison simply through good conduct." _Id._ at 33-34.  Fundamentally, the inmate "was disadvantaged by new

8

restrictions on eligibility for release." Id. at 34; see Lynce
v. Mathis, 519 U.S. 433, 442 (1997) (applying Weaver's reasoning
to a statute that canceled good time credits that were used as a
tool to alleviate prison overcrowding).  In Weaver, the Florida
legislature amended an existing policy retroactively to make it
more difficult for an inmate to receive good time credit.  By
contrast, the 2011 amendment to Guidelines § 1B1.10 "merely
attempted to limit the extent to which favorable amendments to
the guidelines can reduce a sentence" when those amendments are
enacted at future dates.  Diggs, 768 F.3d at 646.  Further,
Weaver does not provide a reason to reconsider the November 4
Order in light of more recent, controlling Second Circuit
precedent that is directly on point.  Berrios, 126 F.3d at 433.

## II.  Separation of Powers

The Second Circuit has recently rejected the defendant's
argument that the Commission's 2011 amendment to Guidelines
§ 1B1.10 is invalid because it violates constitutional
separation of powers principles.  Erskine, 717 F.3d at 138-140.
The defendant recognizes that his argument is without merit
under existing law, and the Federal Defenders did not put forth
any legal arguments on this point.  Thus, his motion for
reconsideration on this ground is also denied.

## Conclusion

The defendant's November 20, 2015 motion for reconsideration is denied.  His sentencing reduction is limited to 210 months' imprisonment, which is the bottom of the amended guideline range.

Dated:    New York, New York
          May 19, 2016

_____
DENISE COTE
United States District Judge